# EXHIBIT 18



VIA IN-PERSON DELIVERY AND EMAIL

July 2, 2024

Jerry Bovee
180 East 700 South
Providence, Utah 84322
jerry.bovee@usu.edu
jerrylbovee@gmail.com

RE:   *Employment with Utah State University*

Dear Jerry:

As we discussed in person today, July 2, 2024, Utah State University is terminating your employment for severe cause, effective immediately. See USU Policy 311 and 399.

**1. Noncompliance with University Rules, Specifically USU Policy 340.**
As you know, USU retained Husch Blackwell to conduct an investigation related to compliance with USU Policy 340.[1] The investigators have issued Investigation Findings and Conclusions. A copy of the Investigation Findings and Conclusions pertaining to your conduct is attached (referred to herein as the "Investigation Findings and Conclusions").

---

[1] USU Policy 340 requires Reporting Employees to report information they receive about potential misconduct within 24 hours of receiving the information. Specifically, USU Policy 340 states: "Reporting Employees must submit Incident Reports using the online form at equity.usu.edu and must include all known information disclosed to the Reporting Employee, including:
- The name of the person who experienced the Sexual Misconduct;
- The name of the person who reported the Sexual Misconduct to the Reporting Employee, if different from the person who experienced it;
- The name of the person(s) alleged to have engaged in Sexual Misconduct;
- The name of any witnesses or individuals who have information about the incident(s);
- The date, time, and location of the alleged incident(s);
- The nature of the incident(s);
- A description of the incident(s);
- All documentation the Reporting Employee has received related to the incident (including all written notes);
- The date the incident was reported to the Reporting Employee; and,
- All other relevant information known to the Reporting Employee."



7400 Old Main Hill  |  Logan, UT 84322-7400  |  (435) 797-1850  |  utahstateaggies.com

The Investigation Findings and Conclusions found that you violated the letter and spirit of USU Policy 340. First, the Investigation Findings and Conclusions found that Coach Anderson told you about the arrest of a USU football player and that you did not report this immediately to the Office of Equity. Instead, you shared some of the information about the arrest during a meeting with the interim VP of Student Affairs. The Interim VP of Student Affairs then filed a report with the Office of Equity on behalf of you and a colleague. This report contained information that contradicted your statements to the outside investigators. Specifically, the report indicated that you notified Coach Anderson of the arrest during that meeting, but as both you and Coach Anderson stated during the investigation, Coach Anderson notified you of the arrest before the meeting with Student Affairs. While the student affairs report may have technically complied with USU Policy 340, it was not consistent with the spirit of USU Policy 340, which expects employees to report directly to the Office of Equity, to do so in a timely manner, and to report all the information they know or have received about the alleged incident of sexual misconduct.

More egregiously, while providing limited and potentially misleading information to the Office of Equity via a group report, you participated in and knew about an investigation of sexual misconduct violations (including domestic violence). As outlined in the Investigation Findings and Conclusions, Coach Anderson credibly reported that you both agreed together to investigate and obtain more facts before suspending the student-athlete.[2] You acknowledged that you knew that Coach Anderson had met with two witnesses and obtained written statements, but you never indicated that you instructed Coach Anderson to stop gathering such information about Student Athlete's arrest. This was all done without the knowledge of or coordination with the Office of Equity. This was a severe violation of USU Policy 340. See section 340.2.1.2.

Further, it is undisputed that you received copies of written statements from witnesses to the alleged incident of sexual misconduct and that you never shared this evidence with the Office of Equity or even disclosed to the Office of Equity that you had a copy of these statements. This was a severe violation of USU Policy 340, which requires that all documentation and relevant information known to a Reporting Employee is reported to the Office of Equity. See USU Policy 340.2.1.1. Your failure to ensure that the Office of Equity had all pertinent information known to you is particularly troubling, given the extensive training provided by the Office of Equity on reporting employee obligations.[3]

As outlined in USU Policy, failure to comply with USU's policy on reporting sexual misconduct warrants corrective action up to and including termination. *See* USU Policy 340, Section 2.1.4. In this case, your violations were severe both because of the extent of the violation and also because of your leadership role in the Department. As a leader, you are expected and required to model compliance and stop and correct noncompliance when it occurs.

---

[2] As noted in the Investigation Findings and Conclusions, Coach Anderson's statements were found to be more reliable because during the investigation, you told an inconsistent and evolving narrative about your knowledge and response to the Student Athlete's arrest. You were interviewed three times and each time you presented conflicting information.
[3] USU has provided consistent and regular training to you and the football staff on USU's sexual misconduct policies, including reporting obligations under USU Policy 340. In the last two years, you completed this training on July 26, 2022 and July 26, 2023. You also attended Sexual Misconduct Consistent Messaging Training on August 29, 2022 and August 29, 2023.

## 2. Failing to Perform Your Leadership Duties in Good Faith

The Investigation Findings and Conclusions also found that instead of following the Athletic Department's typical practice of suspending students arrested for domestic violence and other forms of sexual misconduct, Coach Anderson, with your knowledge, initiated his own investigative efforts that focused on gathering the student athlete's explanation about what happened and then seeking witness statements to support the student athlete's defense. The Investigation Findings and Conclusions noted that the failure to take action against the student-athlete could have indirectly communicated to other football team members that such issues were not always taken seriously. Further, the Investigation Findings and Conclusions found that the reasons you provided for not suspending the student-athlete based on the arrest were unpersuasive and raised issues of your resistance to disclosing negative information about student-athletes outside the Athletic Department. Your failure to take consistent action against individuals arrested for sexual misconduct and to handle the arrest of a student-athlete for sexual misconduct transparently is a substantial failure to perform your duties in good faith. It has and is likely to bring further public disrepute, contempt, and ridicule upon USU. This is a basis for cause to terminate.

The significance of the violations summarized above is compounded when considered in the broader context of USU's extensive efforts to improve its prevention and response to issues of sexual misconduct and, more specifically, to address concerns that the USU football program has a hostile climate towards individuals who report sexual misconduct and concerns that the football program fails to hold student-athletes and others accountable for sexual misconduct. Your failure in this regard is particularly disappointing. As a leader, you were expected to improve the program and lead by example. Your failure to do so is unacceptable and has greatly harmed the university and the reputation of USU Athletics and our football program.

Deciding to terminate has been a difficult choice for me and University leadership. You have deep roots in the Aggie community and have made lasting contributions to USU Athletics. I am grateful for your commitment and dedication to this institution. However, it is critical that our program is led with integrity and from a position that builds trust in our programs and in our ability and willingness to do the right thing. Our Department must properly and transparently address issues related to sexual misconduct, including complying and respectfully collaborating with critical campus partners. Failing to take appropriate action in response to significant violations of policy and gross lapses in judgment and leadership undermines trust in our program, and further erodes the culture and reputation for the USU Athletics Department. I cannot permit this in the USU Athletics program.

Your employee health insurance benefits will continue through July 31, 2024. Information about your rights to continue coverage beyond July 31, 2024, under COBRA will be provided to you via separate correspondence. Your final paycheck, subject to all withholdings and deductions as required by law, will be paid on the next scheduled USU payroll date. For more information, please visit https://www.usu.edu/hr/current-employees/exit-transfer.

At 6:00 pm on July 8, 2024, you must return all USU property, including identification cards or badges, access codes, devices, keys, laptops, computers, cameras, telephones, mobile phones, hand-held electronic devices, credit cards, electronically stored documents or files, physical files, and any other USU property and information in your possession to Ronda or myself. At this time, you will have the opportunity to also collect your personal belongings from your office.

Sincerely,

*Diana R. Sabau*

Diana Sabau
Athletic Director

cc: Cody Carmichael, Title IX Coordinator
Doug Bullock, Associate Vice President for Human Resources

Encl.